THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOLEEN RALSTON                                                                                   PLAINTIFF

v.                                         Civil No. 13-3064

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                   DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Joleen Ralston, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff applied for SSI on April 26, 2010. (Tr. 12.) Plaintiff alleged an onset date of April 26, 2010 due to learning disabilities. (Tr. 190.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on February 15, 2012 in front of Administrative Law Judge ("ALJ") Clifford Shilling. Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony from Vocational Expert ("VE") John Massey. Plaintiff's attorney requested a supplemental hearing to question the VE. (Tr. 248.) This was held on May 18, 2012. (Tr. 27.)

At the time of the administrative hearing, Plaintiff was 37 years old, and possessed a tenth grade education, all within the special education track. (Tr. 44.)  The Plaintiff had past relevant work experience ("PRW") as fast food worker. (Tr. 21.)

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On May 24, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: learning disorder and anxiety disorder. (Tr. 14.) The ALJ found that Plaintiff maintained the residual functional capacity to perform the full range of work at all exertional levels, with the following nonexertional limitations:

> the claimant can only occasionally climb (ramps, stairs, ladders, ropes, or scaffolds), kneel, and crouch; and no more than frequently balance, stoop, and crawl. Furthermore, the claimant is limited to work that requires no decision making, judgment, or interaction with the public; requires no more than occasional interaction with co-workers; and requires close supervision and instruction from supervisors, with supervisors checking her work four times per day.

(Tr. 16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as handpackager, conveyor feeder, and dishwasher. (Tr. 21-22.)

Plaintiff requested a review by the Appeals Council on July 27, 2012.(Tr. 8.) The Appeals Council declined review on April 26, 2013. (Tr. 1.) Plaintiff filed this appeal on June 21, 2013. (ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13.)

**II.     Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises five issues on appeal: 1) the Commissioner erred in not finding Plaintiff disabled under Listing 12.05C; 2) the Commissioner erred in not finding Plaintiff disabled under Listing 12.05D; 3) the ALJ erred in giving more weight to the opinions of the nonexamining State Agency physicians over that of Consulting Examining Psychologist (CE) Dr. Hartfield; 4) the ALJ erred in discounting Plaintiff's subjective complaints; 5) the Commissioner's decision violates POMS § DI 25020.010(A)(3)(b). Because

3

this Court finds that the ALJ erred in his treatment of Plaintiff's IQ score for Listing 12.05, the other issues will not be addressed.

The introductory paragraph to Listing 12.05: Intellectual Disability (formerly Mental Retardation[2]) states: that: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 "[T]he requirements in the paragraph are mandatory," and a claimant must "demonstrate or support onset of the impairment before age 22." *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006.) The plain language of this paragraph does not require that the claimant provide a valid IQ score obtained prior to the age of 22. Nor is a formal diagnosis of intellectual disability required. *Id.* Nor is the definition of mental retardation in the Diagnostic and Statistical Manual of Mental Disorders (DSM) to be utilized. *Id.* Rather, the regulations specifically state that " current evidence" may be used to "infer when impairment began" for Listing 12.05. *Id.* at 900. *(*citing Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746-01 (2000.))

In making this inference, the Eighth Circuit has stated that intellectual disability "is not normally a condition that improves as an affected person ages. *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001.). "Rather, a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in the claimant's intellectual functioning." *Id.*

In this case, Plaintiff underwent a psychological examination by CE Dr. Cara Hartfield, PhD on June 7, 2010. (Tr. 252.) Dr. Hartfield administered a Wechsler Adult Intelligence test (WAIS-IV) and found that her full scale IQ was 66. (Tr. 255.) Dr. Hartfield found no evidence of exaggeration or

---

[2]Change in Terminology: "Mental Retardation" to "Intellectual Disability," 78 FR 46499 (2013). Therefore the new term will be substituted for mental retardation where appropriate in this opinion.

malingering, (Tr. 254), and stated that her current intellectual functioning "is consistent with her educational and work history. There does not appear to have been a decline in her cognitive functioning." (Tr. 255.) Neither party disputes the validity of this IQ score. Dr. Hartfield also found marked impairments in three areas of adaptive functioning: Plaintiff's capacity to communicate in an intelligible and effective manner, cope with typical demands of work-like tasks, and attend and sustain concentration on basic tasks. (Tr. 256.) However, she stated that because she was functioning adequately in all other areas of adaptive functioning, she "does not meet the criteria for a diagnosis of mild mental retardation." (Tr. 256.) It is not clear from this opinion whether Dr. Hartfield was referring to the Listing criteria or the DSM criteria.

The ALJ expressly considered Listing 12.05, and found that Plaintiff did not meet the requirements of the introductory paragraph because "there are no IQ test results or evaluations in evidence of record establishing mental retardation prior to the claimant reaching age 22." (Tr. 16.) He noted Plaintiff's current IQ score of 66, but dismissed it, stating that Dr. Hartfield found that she "does not meet the criteria for a diagnosis of mental retardation." (Tr. 16.)

Both of these reasons for dismissing Plaintiff's IQ score of 66 constitute plain error.

Both the Eighth Circuit and the regulations have expressly stated that a Plaintiff is not required to produce a qualifying IQ score obtained prior to the age of 22. Instead, current IQ scores are presumed to be the same as that of the developmental period unless there is evidence of some change in intellectual functioning. Dr. Hartfield specifically stated that "there did not appear to be a decline in her cognitive functioning" and that her current intellectual functioning "is consistent with her educational and work history." Nor do the facts in the record show otherwise, with Plaintiff having been held back in kindergarten, having spent her entire educational career in the special education track, and having dropped out after the tenth grade. Nor did she excel in special education, with her high school grades primarily in the B-D range. (Tr. 239.) Therefore, at least with the evidence currently before this Court, Plaintiff's IQ score should have been presumed to be 66 prior to the age of 22.

The Eighth Circuit has also expressly stated that the Plaintiff is not required to produce a formal diagnosis of mental retardation/intellectual disability, and that the DSM criteria are not to be relied upon to determine if a claimant meets Listing12.05. It is not clear from Dr. Hartfield's records whether her statement regarding a diagnosis of mental retardation is based on the Listing or the DSM. However, given that the Listing does not use the term "mild mental retardation" and the DSM does, it seems likely that she was using the DSM criteria. Therefore, the ALJ's reliance on Dr. Hartfield statement that Plaintiff "did not meet the criteria for a diagnosis of mild mental retardation" was error for two reasons. First, Plaintiff was not required to produce a formal diagnosis, therefore the lack of one should not be used against her. Second, it appears that the diagnosis was made using the incorrect criteria for a Listing analysis.

In summary, it appears that the Plaintiff has met the threshold introductory paragraph requirement of Listing 12.05. Therefore, a remand is required in order to give the ALJ the opportunity to complete a full Listing 12.05 analysis. The Court notes that the ALJ found the Plaintiff to have another severe impairment, and that CE Dr. Hartfield found the Plaintiff to have marked impairments in adaptive functioning in three areas. Therefore the ALJ may wish to give particular attention to Listing 12.05C and 12.05D. In completing this analysis, the ALJ is directed to expressly discuss his reasoning and to use accurate page citations to facts used in the analysis.

## IV.  Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 12th day of November 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)